## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DEAN H. BLYTHE, Individually and on      :
behalf of the Harte-Hanks, Inc. Restoration   :
Pension Plan Participants,               :       CIVIL ACTION NO.: 16-12028
                                         :
      Plaintiff,                        :
                                         :
v.                                       :
                                         :
HARTE-HANKS, INC.,                       :
                                         :
      Defendant.                        :

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Harte Hanks, Inc. ("Harte Hanks")

hereby removes this action from the Suffolk County Superior Court of Massachusetts, where it

was filed, to the United States District Court for the District of Massachusetts.  This action may

be removed because this Court has original jurisdiction over the claims in Dean H. Blythe's

("Plaintiff") complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), as those claims

are completely preempted by Section 502(a) of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1132(a).  Therefore, this Court has jurisdiction to hear Plaintiff's claims

under federal law.  The grounds for removal are as follows:

1.      On September 29, 2016, Plaintiff filed a complaint against Harte Hanks in the

Suffolk County Superior Court, Massachusetts (hereinafter referred to as the "State Court

Action"), seeking declaratory and injunctive relief with respect to a claim for benefits under the

Harte Hanks, Inc. Restoration Pension Plan (the "Plan").

2.      On October 5, 2016, Harte Hanks accepted service of the summons and complaint

in the State Court Action.  Copies of the letter of service and all process, pleadings, and orders

served upon Harte Hanks are attached hereto as Exhibit A.  This Notice of Removal is timely

pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the complaint

upon Harte Hanks.  *See* 28 U.S.C. §§ 1446(b), 1453; *see also Murphy Bros. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period begins to run upon service of

the summons and complaint).

### BACKGROUND AND SUMMARY OF PLAINTIFF'S CLAIMS

3.      Plaintiff is a former Harte Hanks employee and is a participant in the Plan.

(Compl. ¶ 4.)  Harte Hanks is a publicly held corporation with its headquarters in San Antonio,

Texas.  (*Id.* ¶ 15.)

4.      The Plan is designed to provide retirement and retirement-type benefits to a select

group of highly compensated Harte Hanks employees who are eligible Plan participants.  (*Id.* ¶¶

3, 23; *see also* Compl. Ex. 1, § 1.)  The Plan is unfunded, with benefits paid from the general

assets of Harte Hanks.  (Compl. ¶ 5; Compl. Ex. 1, § 7(d).)  Section Nine of the Plan document

filed with the Complaint states that within thirty days of a "change in control" as defined in the

Plan, Harte Hanks shall make "an irrevocable contribution to a 'rabbi' trust in a [sic] amount that

is sufficient to pay each Participant or Beneficiary the benefits" to which those individuals would

be entitled under the terms of the Plan.  (Compl. ¶ 27.)  The Plan is administered by a committee

appointed by Harte Hanks' board of directors (the "Committee").  (Compl. Ex. 1, § 3.)  The Plan

grants the Committee the "full power and authority to interpret, construe and administer" the

Plan, (*id.*), and the Board of Directors (the "Board") the authority to amend or terminate the Plan

at any time.  (*Id.* § 8.)

5.      Plaintiff contends that Harte Hanks is exploring the potential sale of Trillium

Software, Inc. ("Trillium"), a wholly-owned subsidiary of Harte Hanks.  (*Id.* ¶¶ 9, 28.)

According to Plaintiff, the sale of Trillium will inevitably result in a change in control within the

meaning of Section 9 of the Plan, triggering Harte Hanks' obligation to fund a rabbi trust in an amount sufficient to pay the benefits of each Plan participant or beneficiary.  (*Id.* ¶¶ 10.)  Plaintiff contends the funding obligation would exceed $26 million.  (*Id.* ¶ 5.)

6.      On August 19, 2016, Plaintiff submitted a letter to the Board in which he requested "assurance" that Harte Hanks would fund the rabbi trust upon the sale of Trillium, which Plaintiff argued was required under the terms of the Plan.  (*Id.* ¶¶ 38-39.)  Harte Hanks declined to provide the requested "assurance" because, under the terms of the Plan, the Committee will determine if a change in control occurred "at the appropriate time given the actual nature and structure of such transaction."  (Compl. ¶ 40.)  Plaintiff alleges that Harte Hanks' interpretation of the Plan is "incorrect."  (*Id.* ¶ 41.)

7.      After Harte Hanks declined to provide the assurance requested by Plaintiff, he filed suit in state court.  Plaintiff asserts two counts in his Complaint.  In Count I, he seeks a declaration of the parties' "rights and obligations" under Section 9 of the Plan.  (*Id.* ¶¶ 46-49.)  In Count II, he requests injunctive relief following the sale of Trillium that requires Harte Hanks to fund a rabbi trust in an amount sufficient to pay benefits under the Plan.  (*Id.* ¶ 51.)

## PROPRIETY OF REMOVAL UNDER ERISA

8.      The federal removal statute provides as follows:

(a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction" for all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Section 502(e) of ERISA provides federal courts with jurisdiction to hear actions arising under ERISA.  29 U.S.C. § 1132(e).

9.      The "well-pleaded complaint" rule generally requires federal question jurisdiction to appear on the face of a plaintiff's complaint in order for jurisdiction in federal court to attach and removal to be appropriate.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citations omitted).  However, the complete preemption doctrine provides an exception to that rule:  "when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations and internal quotation marks omitted).  "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Id.* (citations and internal quotation marks omitted).

10.     Section 502(a) of ERISA states in relevant part:

A civil action may be brought --

(1)      by a participant or beneficiary -- (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B).

11.     The Supreme Court has determined that Section 502(a) of ERISA completely preempts state law claims that come within its scope and converts these state claims into federal claims.  *Taylor*, 481 U.S. 58, 65-66 (1987).  In other words, Section 502(a) of ERISA contains "extraordinary pre-emptive power" that "converts an ordinary state common law complaint into one stating a federal claim" that arises under the laws of the United States, making "causes of action within the scope of . . . § 502(a) removable to federal court."  *Taylor*, 481 U.S. at 66.  As the Supreme Court explained in *Taylor*:

[Plaintiff] argues strenuously that this action cannot be removed to federal court because it was not "obvious" at the time he filed suit that his common law action was both pre-empted by § 514(a), 29 U.S.C. § 1144(a), and also displaced by the civil enforcement provisions of § 502(a). . . .  But the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress.  Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction.  In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.  Since we have found [plaintiff's] cause of action to be within the scope of § 502(a), we must honor that intent whether pre-emption was obvious or not at the time this suit was filed.

*Id.*  In short, if a plaintiff's state-law claim is within the scope of Section 502(a) of ERISA, that claim is completely preempted and may be removed to federal court.

## ERISA COMPLETELY PREEMPTS PLAINTIFF'S CLAIMS

12.     The Plan qualifies as a "top-hat" plan within the meaning of ERISA.  Top-hat plans are a special category of unfunded benefit plans created under ERISA to provide benefits to a small, select group of high-level employees.  *See* 29 U.S.C. §§ 1051(a), 1081(3), 1101(a)(1); *see also Alexander v. Brigham & Women's Physicians Org., Inc.*, 513 F.3d 37, 43 (1st Cir. 2006) (a top-hat plan is any plan which is "unfunded and maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees") (internal quotation marks omitted).  Top-hat plans are exempt from most of ERISA's substantive requirements, including ERISA's requirement that a plan be established and maintained pursuant to a written instrument, *see* 29 U.S.C. § 1101(a)(1), but they remain subject to ERISA's civil enforcement provisions.  *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 239 (1st Cir. 2002) (ERISA § 502(a) provides the exclusive cause of action for a claim seeking benefits under a top-hat plan).

13.     Plaintiff seeks to represent a class of Plan participants and alleges that he sued "to ensure that [Plan] benefits will continue to be paid."  (Compl. ¶ 1.)  The relief he seeks includes a

declaration of the parties' "rights and obligations" under the terms of the Plan and an injunction

ordering Harte Hanks to fund the rabbi trust to ensure that Plan benefits are paid in the future.

(*Id.* ¶¶ 49, 51.)  These are exactly the types of actions authorized by ERISA § 502(a)(1)(B).  *E.g.*,

*Cogan*, 310 F.3d at 242, *Fenton v. John Hancock Mut. Life Ins. Co.*, 400 F.3d 83, 86 (1st Cir.

2005) (explaining that plaintiffs asserted "a traditional benefits claim in which the former

employees seek a declaration of their rights under the Plan pursuant to ERISA section

502(a)(1)(B)").  Accordingly, Plaintiff's claims are completely preempted by ERISA and thus

trigger a federal question under 28 U.S.C. § 1331.

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve Plaintiff's

counsel with a copy of this Notice of Removal, with all attachments, and will file a true copy of

this Notice of Removal, with all attachments, with the Clerk of the Suffolk County Superior

Court of Massachusetts.

## CONCLUSION

For the foregoing reasons, ERISA completely preempts Plaintiff's claims, and this Court

has jurisdiction to consider the case.  Harte Hanks has thus properly removed the underlying

action to this Court.

WHEREFORE, Defendant requests that this Court accept this Notice of Removal and

that this Court assume jurisdiction over this action.

Dated: October 7, 2016                    Respectfully submitted,

                                          MORGAN LEWIS & BOCKIUS LLP


                                          By: */s/ Peter J. Mee*
                                              Lisa Stephanian Burton (BBO #562096)
                                              Peter J. Mee (BBO #677081)
                                              One Federal Street
                                              Boston, MA 02110
                                              Telephone: 617.341.7700
                                              Facsimile: 617.341.7701
                                              lisa.burton@morganlewis.com
                                              peter.mee@morganlewis.com

                                              *Attorneys for Defendant.*


## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on October 7, 2016, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service and by first class mail, postage prepaid to:

David Chaffin
R. Victoria Fuller
WHITE & WILLIAMS, LLP
101 Arch Street, Suite 1930
Boston, MA 02110
chaffind@whiteandwilliams.com
fullerv@whiteandwilliams.com

       */s/ Peter J. Mee*
       Peter J. Mee